IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| Sandra Goins & Mario Walker, <br><br> Plaintiffs, <br><br> v. <br><br> Civility Management Solutions LLC, *et al.*, <br><br> Defendants. | Civ. No. GLS 21-2100 |

**MEMORANDUM OPINION AND**
**ORDER REGARDING SUMMARY JUDGMENT BRIEFING**

Pending in front of the undersigned is the issue of whether Plaintiff Mario Walker ("Plaintiff Walker") should be permitted to file a motion for summary judgment. Specifically, Defendants Civility Management Solutions, LLC and Laurie Sayles ("Defendants") argue that Plaintiff Walker should not be permitted to file a summary judgment motion because they allege that Plaintiff Walker has failed to timely notify the Court of his intent to file such a motion. (ECF Nos. 44, 47, 57, 60, 61). The matter has been argued by the parties, *see, e.g.*, ECF Nos. 44, 45, 47, and no further hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

For the reasons set forth herein, the Court will allow Plaintiff Walker and Plaintiff Sandra Goins ("Plaintiff Goins") to file motions for summary judgment. In addition, the schedule and instructions for summary judgment briefing are set forth below.

**I. PROCEDURAL BACKGROUND**

    A. <u>Walker v. Civility Management Solutions, LLC</u>

On August 18, 2021, Plaintiff Walker filed a complaint ("Walker case") against the

Defendants alleging violation(s) of the following: (1) 29 U.S.C. §§ 201 *et seq.*; (2) the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3- 401, *et seq.*; (3) the Maryland Wage Payment and Collection Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, et *seq.*; and (4) Maryland common law. (ECF No. 1).

On October 14, 2021, a Scheduling Order was issued, which set the dispositive pretrial motions deadline as April 11, 2022. (ECF No. 22). The Scheduling Order also required the parties to notify the Court of their intent to file dispositive motions at the time that they submitted a Joint Status Report ("JSR"). (*Id.*, pp. 2-3, Sections I and III). On March 11, 2022, the parties submitted a JSR, in which they requested an extension of the deadlines to complete discovery and of "the deadlines for requests for admissions and dispositive pre-trial motions." (ECF No. 37). The JSR described the parties' readiness for mediation, but otherwise did not include any of the other notifications required by the Scheduling Order. (*See, e.g.*, ECF No. 22, p. 3, Section III d., e.).

On March 16, 2022, the Court granted the extension request, setting April 10, 2022 as the close of discovery and the deadline for the submission of a JSR, and establishing the dispositive pretrial motions deadline as May 11, 2022. (ECF No. 38).

On April 11, 2022, the parties filed a JSR. (ECF No. 39). In that JSR, the parties only mentioned that discovery was complete and that they were ready for mediation. The JSR did not include a notification required by the Scheduling Order as to the estimated length of trial. (*Id.*). By failing to include the information related to the estimated length of trial, **neither party** complied with the requirement set forth in the Scheduling Order. (*See* ECF No. 22, p. 4) (emphasis supplied).

Thereafter, on May 10, 2022, Plaintiff Walker timely filed a motion for partial summary judgment. (ECF No. 42). On May 19, 2022, Defendants filed a letter in which they sought to strike Plaintiff Walker's summary judgment motion, arguing that Plaintiff Walker failed to indicate in

the April 11, 2022 JSR that he intended to file a pretrial dispositive motion. According to the Defendants, Plaintiff Walker "deprived Defendants of any notice that he would file a dispositive pretrial motion, thereby prejudicing Defendants by shortening the time" for Defendants to respond to such proposed pretrial dispositive motion. (ECF No. 44).

Later, on May 19, 2022, the undersigned held a status conference during which the Court heard argument from the parties on this issue. The Court struck the partial summary judgment motion so that the parties could focus on mediation. (ECF Nos. 45, 46).

Between August 4, 2022-September 8, 2022, the parties engaged in mediation-related efforts with a U.S. Magistrate Judge in the *Walker* case and in the case of *Goins v. Civility Management Solutions, LLC, et al.* ("*Goins* case") (Case. No. GLS 21-2557), which were unsuccessful. (ECF Nos. 47-49, 51). Thereafter, the *Walker* case and the *Goins* matter were referred to a different U.S. Magistrate Judge for mediation, which was also unsuccessful. (ECF Nos. 52, 55).

Subsequently, the parties in the *Walker* case and the *Goins* case were ordered to file a JSR by no later than December 15, 2022, in which they were to apprise the Court of: (a) whether either party intended to file a dispositive motion; (b) whether the parties are seeking a trial date; (c) the estimated length of trial; (d) and whether *Walker* and *Goins* should be consolidated. (ECF No. 56).

On December 15, 2022, the parties filed a JSR. In the JSR, Plaintiff Walker sought leave to file a summary judgment motion. The Defendants opposed Plaintiff Walker's request, arguing that he "failed to indicate his intention to file a dispositive motion in any previous Joint Status Report," and the deadline to do so had passed. (ECF No. 57). In that JSR, the parties finally complied with ECF No. 22 (Section III, d.), and included information about the length of trial.

3

(*Id.*). The parties also suggested that the *Walker* case be consolidated with the *Goins* case. (*Id.*). On December 27, 2022, the Court issued an order, holding that it was going to defer ruling on the requests contained within the JSR until after discovery was completed in the *Goins* case. (ECF No. 58).

On April 21, 2023, the Court consolidated *Goins* with *Walker* under the *Walker* case number. (ECF No. 59). The Court also directed the parties to file a JSR by no later than June 20, 2023, as to the status of discovery in *Goins*. (*Id.*).

On May 19, 2023, the Plaintiffs filed a notice of intent to file a motion for summary judgment. (ECF No. 60). Thereafter, on June 20, 2023, the parties filed the required JSR in which they represented that discovery in all consolidated cases was complete and the Plaintiffs stated again their intention to file motions for summary judgment. (ECF No. 61).

B.   Goins v. Civil Management Solutions, LLC, Former Case No. 21-2557

On October 5, 2021, Plaintiff Goins filed a complaint against the Defendants alleging violation(s) of the following: (1) 29 U.S.C. §§ 201 *et seq.*; (2) the Maryland Wage and Hour Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3- 401, *et seq.*; (3) the Maryland Wage Payment and Collection Law, MD. CODE ANN., LABOR & EMPLOY. §§ 3-501, et *seq.*; and (4) Maryland common law. (ECF No. 1).

On January 31, 2022, the Court issued a Scheduling Order, which set the dispositive pretrial motions deadline as July 18, 2022. (ECF No. 22). Here, too, the Scheduling Order required the parties to notify the Court of their intent to file dispositive motions at the time that they submitted the JSR. (*Id.*, pp. 2, 4, Sections I and III).

On February 16, 2022, the undersigned referred the case to mediation and stayed the deadlines set forth in the Scheduling Order. As detailed in Section I.A., between August 4, 2022-

September 8, 2022, the parties engaged in mediation-related efforts with two different U.S. Magistrate Judge, which were unsuccessful. (ECF Nos. 30-37).

On December 15, 2022, pursuant to this Court's Order, the parties filed a JSR in which they represented the following: (a) Plaintiff Goins intended to file a motion for summary judgment; (b) discovery was not yet complete; (c) the estimated trial length was four (4) days; and (d) the parties believed that *Goins* and *Walker* should be consolidated. (ECF No. 40). The parties also provided a proposed revised Scheduling Order, which set the deadline for the close of discovery (and the submission of a joint status report) as April 17, 2023 and set the deadline to file notices of intent to file pretrial dispositive motions as May 19, 2023. (*Id.*).

On December 28, 2022, the Court issued an Amended Scheduling Order, adopting the parties' proposed deadlines. (ECF No. 41). On April 17, 2023, as required by the Amended Scheduling Order, the parties filed a JSR in which the parties represented the following: (a) discovery was still incomplete; (b) Plaintiffs intended to file a motion for summary judgment in both *Goins* and *Walker*; and (c) the parties maintained that *Goins* and *Walker* should be consolidated. (ECF No. 50).

As set forth above, following consolidation of both cases, both Plaintiffs filed a notice of intent to file a motion for summary judgment. (ECF No. 60).

**II. DISCUSSION**

As set forth herein, Defendants argue that Plaintiff Walker should not be permitted to file summary judgment briefing.

This Court enjoys broad discretion to allow summary judgment briefing based on its authority to modify pre-trial procedural deadlines to serve the best interests of justice. *Trustees of Local 24 Pension v. Gamble Insulation Co. Inc.*, Civ. No. WDQ 04-291, 2005 WL 8174498, at *1

(D. Md. Aug. 23, 2005) (citing *Link v. Wasbash R. Co.*, 370 U.S. 626, 630-31) (1962). Resolving issues raised via summary judgment briefing enables a court to eliminate unnecessary proof and issues and weed out unsupportable claims, leaving for trial only those issues properly before it. *Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995) (summary judgment enables a court to "just[ly], speed[ily], and inexpensive[ly] determin[e] a case" consistent with Fed. R. Civ. P. 1, "when its proper use can avoid the cost of a trial"). In addition, "unless a different time is set by local rule or the court orders otherwise," a party may file a summary judgment motion "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Upon review of the procedural history in the *Walker* and *Goins* cases, the Court will exercise its discretion and allow Plaintiff Walker to file a motion for summary judgment. The Court finds good cause to grant the request. With respect to Plaintiff Walker, the Court finds that he did not fully comply with the requirements set forth in the Court's original Scheduling Order, namely he failed to provide notice of his intent to file a partial summary judgment motion in the April 11, 2022 JSR, (*see* ECF No. 22, p. 3, Section III, d.). However, the Court finds that Plaintiff Walker timely filed a partial motion for summary judgment, on May 10, 2022, one day before the deadline set forth in the Amended Scheduling Order. (*See* ECF Nos. 38, 42).

In addition, the Court finds that the partial motion for summary judgment was filed in accordance with the Federal Rules of Civil Procedure, specifically, Rule 56(b) which, as held, *supra*, allows "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Furthermore, the procedural posture of this case supports Plaintiff Walker being allowed to file the partial motion for summary judgment. At present, the Court has not scheduled a pretrial conference or set forth a trial date as the Court needs

to ensure that only legitimate issues remain for trial—not unsupportable claims. Moreover, the Court finds that Plaintiff Walker's failure to include his notice of intent to file a motion for summary judgment amounts to no more than a technical non-compliance—an act that both parties are guilty of in this case, e.g., the failure to include in the JSR any information about the expected length of trial—with the Court's Scheduling Order that, ultimately, will not prejudice the Defendants.

Accordingly, the Court holds that Plaintiff Walker may refile the motion for summary judgment that was originally filed on May 10, 2022 (ECF No. 42), by the deadline set forth in Section III of this Order. That refiled motion shall not contain exhibits, but shall follow the format set forth in Section III.

In addition, the Court finds that Defendants do not object to Plaintiff Sandra Goins filing a motion for summary judgment. Indeed, they could not as the record is clear that Ms. Goins consistently represented in various JSRs that she intended to file such a motion. (*See, e.g.*, ECF Nos. 40, 50). Thus, the Court holds that Plaintiff Goins may also file a motion for summary judgment, per the schedule set forth below.

### III. DISPOSITIVE MOTION BRIEFING SCHEDULE AND INSTRUCTIONS RELATED THERETO

The Court hereby **ORDERS** and sets forth the summary judgment briefing schedule as follows:

| Description of Event | Due Date |
|---|---|
| Plaintiffs' Motions for Summary Judgment | October 30, 2023 |
| Defendants' Oppositions | December 7, 2023 |
| Plaintiffs' Replies | December 21, 2023 |
| Joint Appendix | December 30, 2023 |

Regarding the Joint Appendix, instead of receiving voluminous exhibits attached to each pleading filed, the Court is only interested in receiving one binder of exhibits after the briefing is done. That binder shall contain: (a) a Table of Contents; (b) the exhibits—e.g., deposition transcripts, documents, interrogatories, etc.—that each party is relying upon in support of its respective pleadings. All exhibits shall contain Bates Nos.

While the parties should meet and confer as to how to compile the Joint Appendix, the Court suggests that Plaintiffs prepare their initial set of exhibits cited in the opening filing(s), Bates stamp those documents, and serve it on Defendants contemporaneous with Defendants' opening filing. Defendants would then designate any additional documents as exhibits, Bates stamp those documents consecutively based on where Plaintiffs' initial set ended, and serve those additional documents on Plaintiffs contemporaneous with their Opposition. Finally, Plaintiffs would then include any additional documents cited in their Reply brief(s), also Bates stamped consecutively. Within nine business days of the conclusion of briefing, parties should e-file the Joint Appendix on the docket and provide a courtesy copy to Chambers.

By way of example, the Table of Contents should look like this:

> Joint Appendix of Exhibits:
> *Walker, et al. v. Civility Management Solutions LLC, et al.*
> Case No. GLS 21-2100

|      |                                                                      | Bates Nos.       |
|------|----------------------------------------------------------------------|------------------|
| I.   | Plaintiff Walker's Exhibits in support of Motion for Summary Judgment | JA0001-JA0175    |
|      | Plaintiff Goins' Exhibits in Support of Motion for Summary Judgment  | JA0176-JA0350    |
| II.  | Defendants' Exhibits in support of Oppositions                        | JA0351-JA0525    |
| III. | Plaintiff Walker's Exhibits in support of Reply                       | JA0526-JA0544    |
|      | Plaintiff Goins' Exhibits in support of Reply                         | JA0545-JA0564    |

Finally, there should be tabs dividing the Plaintiffs' exhibits from the Defendants' exhibits (e.g., Tab A, B, and C, or Tab 1, 2, and 3).

Date: September 25, 2023

                                                                                        /s/
                                                  The Honorable Gina L. Simms
                                                  United States Magistrate Judge